UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IVAN DIAZ,<br>    Plaintiff,<br><br>v.<br><br>LEO C. ARNONE, ET AL.,<br>    Defendants. | No. 3:14-cv-323 (JAM) |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Ivan Diaz brings this complaint *pro se*, alleging that his constitutional rights were violated after correctional officers discovered a prison grievance complaint he had edited for another inmate, which plaintiff had written in code. He believes later criminal charges were maliciously filed against him. Accordingly, plaintiff has filed this lawsuit pursuant to 42 U.S.C. § 1983, asserting claims for false arrest, malicious prosecution, denial of equal protection, and First Amendment retaliation. He brings these claims against (former) Commissioner of Correction Leo C. Arnone, Captain Kelly, Lieutenant Lance Morris, Correctional Officer John Doe, State Police Trooper William Blumenthal, and Deputy Assistant State's Attorney Sean McGuinness, all in their individual and official capacities. For the reasons set forth below, I conclude that plaintiff has not alleged plausible grounds for relief on his false arrest or malicious prosecution claims. These claims will be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff has, however, alleged plausible grounds for relief on his First Amendment retaliation and equal protection claims, and these claims will proceed.

**BACKGROUND**

The incidents underlying the complaint occurred while plaintiff was confined at Garner Correctional Institution in Newtown, Connecticut. On September 19, 2011, plaintiff and his

cellmate were asked to vacate their cell to enable it to be searched as part of the annual institutional search. After the search, plaintiff was instructed to go to the lieutenant's office.

Defendant Morris asked plaintiff whether two composition notebooks, an address booklet, and other papers were his. Plaintiff identified the items as belonging to him and agreed to take responsibility for them. Plaintiff was then taken to the restrictive housing unit. That evening, plaintiff received a disciplinary report for possession of contraband—two razor blades that had been removed from their cartridges. Plaintiff was found guilty and received sanctions including seven days confinement in punitive segregation.

On September 21, 2011, plaintiff was again questioned by Morris, this time about a grievance complaint that had been found in his cell and was written in what appeared to be a code. He told Morris that he had invented his own alphabet using old Hebrew, Greek, and Arabic characters. He said that he used the code to protect the privacy of the inmate for whom he had edited the complaint. Plaintiff gave Morris the key to enable him to decipher the complaint. Two days later, Morris again questioned plaintiff, asking whether the allegations in the coded complaint had happened to him. Plaintiff said that the incident had happened to another inmate. Plaintiff was editing the complaint because the other inmate had poor English skills. Morris told plaintiff that an investigation had been started based on the allegations. Plaintiff responded that the complaint had been investigated and dismissed in 2007.

Plaintiff was transferred to administrative segregation where he remained for two weeks while the incident in the coded complaint was investigated. Although Morris told plaintiff on September 30, 2011, that he would be released from segregation that day, he was not released until October 7, 2011, when he was transferred to MacDougall Correctional Institution.

In December 2011, defendant Kelly and other officials questioned plaintiff regarding the truth of the incidents described in the coded complaint. Plaintiff gave his opinion that the claims were false and signed an affidavit.

In January 2012, defendant Blumenthal investigated a report of weapons found during the search of plaintiff's cell at Garner Correctional Institution in September 2011. Defendant John Doe[1] filed a complaint against plaintiff, and defendant Blumenthal sought an arrest warrant charging plaintiff with two counts of possession of a weapon in a correctional facility. In February 2012, plaintiff was taken to state court in Danbury and served with the arrest warrant, but the charges later were dismissed.

## DISCUSSION

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "[a] document filed *pro se* is to be liberally

---

[1] The inclusion of this "John Doe" defendant is permissible at this stage as a placeholder for purposes of notice of the scope of plaintiff's claim and for conducting discovery in this action. *See, e.g.*, *Abreu v. City of New York*, 657 F. Supp. 2d 357, 362-63 (E.D.N.Y. 2009). Plaintiff is cautioned, however, that he must diligently take steps to learn the identity of the "John Doe" defendant and to amend his pleadings to identify by name any person whom he seeks to hold liable for money damages. *See, e.g.*, *Hogan v. Fischer*, 738 U.S. 509, 517-20 (2d Cir. 2013).

construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008).

Plaintiff contends that defendants violated his constitutional rights in the following ways: (1) defendant Doe filed the complaint which led to the filing of criminal charges; (2) defendant Blumenthal charged him without sufficient evidence to sustain a conviction or support every element of the charge; (3) defendant Arnone collaborated with and approved of the criminal charges; (4) defendant McGuinness maliciously prosecuted him; (5) defendant Morris commenced an investigation into charges that had been resolved in 2007 and, because plaintiff's actions in assisting the other inmate were not inappropriate, he was charged criminally in the other matter; and (6) all of the defendants maliciously caused plaintiff to be prosecuted with no probable cause and no evidence.

Plaintiff contends that he was subject to false arrest and malicious prosecution in violation of the Fourth Amendment. Both these claims require a plaintiff to show that he has been subject to an arrest or seizure within the meaning of the Fourth Amendment. *See, e.g., Spak v. Phillips*, -- F. Supp.3d -- , 2015 WL 5999325, at *2 (D. Conn. 2015). If a plaintiff is already in custody at the time of his arrest and prosecution, and cannot show he suffered any additional detention as a result of the arrest and prosecution, he does not have a claim for an unconstitutional false arrest or malicious prosecution. *See, e.g., Walker v. Sankhi*, 494 F. App'x 140, 143 (2d Cir. 2012); *Arnold v. Geary*, 2013 WL 4269388, at *4 (S.D.N.Y. 2013) (citing cases). Because it appears that plaintiff was and remained incarcerated on other criminal charges during the entire time that he was subject to arrest and prosecution for alleged weapon possession, his federal claims for false arrest and malicious prosecution are without merit.

Plaintiff further brings a claim under 42 U.S.C. § 1983 alleging that prison officials retaliated against him in violation of the First Amendment when the weapons charges were filed against him. Although their constitutional rights are limited by virtue of their incarceration, prison inmates retain First Amendment rights. *See Shaw v. Murphy*, 532 U.S. 223, 229 (2001). To establish a *prima facie* case for First Amendment retaliation, plaintiff must ultimately demonstrate "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015).

Construed liberally, the complaint alleges enough to suggest that plaintiff suffered adverse consequences—the filing of criminal charges against him—because of his work on another inmate's grievance complaint. The remaining question is whether assisting a fellow inmate with his grievance complaint was protected activity. There is no doubt that it would have been protected if plaintiff prepared a complaint on his own behalf. *See Davis v. Goord*, 320 F.3d 346, 352-53 (2d Cir. 2003). The Second Circuit has also recently held that prison officials violate the First Amendment when they retaliate against a prisoner "for filing or voicing grievances on behalf of a prison population as a member of an inmate grievance body." *Dolan,* 794 F.3d at 295. The Second Circuit's ruling in *Dolan* may be read to suggest that the First Amendment extends not just to activity by an inmate in filing his own grievance, but also to activity that assists another inmate to file a grievance. I do not need to decide that issue at this point; in light of *Dolan* and the need for further factual development in this case to ascertain what plaintiff did to assist his fellow inmate, the Court cannot definitively conclude that plaintiff's alleged assistance was not sufficiently integral to expressive activity to fall under the protection of the First Amendment.

Plaintiff also brings a § 1983 claim alleging he was denied equal protection of the laws under the Fourteenth Amendment. To succeed on an equal protection claim, plaintiff "must show that: (1) he was treated differently from other similarly-situated individuals; and (2) the differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Skehan v. Village of Mararoneck*, 465 F.3d 96, 110 (2d Cir. 2006). As the second prong suggests, it is an equal protection violation to retaliate against a plaintiff for exercising his constitutional rights. *See Vega v. Hemstead Union Free Sch. Dist.*, 801 F.3d 72, 82 (2d Cir. 2015) (noting that "retaliation is discrimination" and that "[w]hen a supervisor retaliates against an employee because he complained of discrimination, the retaliation constitutes intentional discrimination against him for purposes of the Equal Protection Clause"). Plaintiff has plausibly alleged retaliation against his exercise of First Amendment rights. Plaintiff therefore also plausibly alleges an equal protection violation, and the claim will survive for now.

## Conclusion

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The federal claims for false arrest and malicious prosecution are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The **Clerk shall** verify the current work addresses of all defendants, and mail waiver of service of process request packets to them at the confirmed addresses within **twenty-one (21) days** from the date of this Order. The Clerk shall report to the Court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on that defendant in his individual capacity and the defendant shall be required to pay the

costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

  (3) The **Clerk shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

  (4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **120 days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

  (5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the Court.

  (6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

  (7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

  (8) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff **MUST** notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify defendant or the attorney for defendants of his new address.

It is so ordered.

Dated at New Haven this 8th day of December, 2015.

                                                   /s/ *Jeffrey Alker Meyer*
                                                   Jeffrey Alker Meyer
                                                   United States District Judge